# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEE ANNA KINNAMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-931-AMG |
| | ) | |
| LELAND DUDECK, | ) | |
| | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Dee Anna Kinnamon ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34.   (Doc. 1).   The Commissioner has filed the Administrative Record ("AR") (Doc. 5), and the parties have fully briefed the issues (Docs. 6, 13).[2]  The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (Docs. 11, 12).  Based

---

[1] Leland Dudeck became the Acting Commissioner of the Social Security Administration on February 16, 2025, and is therefore substituted as Defendant in this matter, pursuant to Federal Rule of Civil Procedure 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

on the Court's review of the record and issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

## I.    Procedural History

Plaintiff filed her application for DIB on June 30, 2022, and alleges a disability onset date of June 29, 2016.  (AR, at 33-34, 171-77).  The SSA denied the application initially and on reconsideration.  (*Id.* at 57-61, 62, 63-67, 68).  An administrative hearing was held on November 9, 2023.  (*Id.* at 30-56).  Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding Plaintiff was not disabled.  (*Id.* at 14-25).  The Appeals Council subsequently denied Plaintiff's request for review.  (*Id.* at 1-3).  Thus, the ALJ's decision became the final decision of the Commissioner.  *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## II.    The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  *Id.* § 423(d)(3).  A medically determinable impairment must be established by "objective medical evidence from an acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a

medical opinion" is not sufficient to establish the existence of an impairment.  20 C.F.R. § 404.1521; *see id.* §§ 404.1502(a), 404.1513(a).  A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process).  To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy.   20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id.* "The claimant is entitled to disability benefits only if he is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023) (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (defining substantial evidence as "more than a scintilla, but less than a preponderance"). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002). But "[a]n agency decision that either applies

an incorrect legal standard or is unsupported by substantial evidence is subject to reversal."

*Staheli*, 84 F.4th at 905.

## III.    Administrative Decision

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from her alleged disability onset date of June 29, 2016, though her date last insured of December 31, 2017.  (AR, at 17, 19).  At Step Two, the ALJ found Plaintiff suffered from a severe impairment of arthritis of the right arm.  (*Id.* at 19).  At Step Three, the ALJ found Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (*Id*. at 19-20).  The ALJ then determined Plaintiff had the RFC

> to perform light work as defined in 20 CFR [§] 404.1567(b) except with respect to the right dominant upper extremity, the individual can extend the arm, reach overhead, handle, finger, or feel no more than a frequent basis.

(*Id.* at 20).  At Step Four, the ALJ concluded Plaintiff could perform her past relevant work as a dry cleaner and waitress.  (*Id.* at 23).  Then, at Step Five, the ALJ determined that when considering her age, education, work experience, and RFC, there are additional jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as boat rental clerk, children attendant, and furniture rental clerk.  (*Id*. at 24).  Thus, the ALJ found Plaintiff was not under a disability from June 29, 2016, the alleged onset date, through December 31, 2017, the date last insured.  (*Id.* at 17, 24-25).

## IV.    Issue Presented for Judicial Review

On appeal, Plaintiff raises three issues.  First, Plaintiff contends the ALJ erred in determining the RFC by failing to explain inconsistencies between the RFC and certain

medical opinions and failing to consider Plaintiff's non-exertional limitations.  (Doc. 6, at 4-11).  Second, Plaintiff argues the ALJ failed to conduct a proper analysis of her subjective reports of pain.  (*Id.* at 11-13).  Finally, Plaintiff asserts the ALJ's conclusions at Steps Four and Five are not supported due to the above errors.  (*Id.* at 13-14).

In response, the Commissioner argues the ALJ reasonably explained that the evidence, including the medical opinions of record, demonstrated Plaintiff had the RFC to perform a reduced range of light work.  (Doc. 13, at 6-11).  Next, the Commissioner asserts the ALJ sufficiently evaluated Plaintiff's subjective reports of disabling pain.  (*Id.* at 11-14).

## V.    The ALJ Erred at Step Two By Failing To Determine Whether Plaintiff's Mental Impairments Were Medically Determinable Impairments.

At Step Two of the sequential evaluation process, the ALJ determines whether the claimant's mental or physical impairments qualify as medically determinable impairments. *See* 20 C.F.R. § 404.1521 ("If you are not doing substantial gainful activity, we will then determine whether you have a medically determinable physical or mental impairment(s)."). Only after finding an impairment to be medically determinable will the Commissioner decide whether the impairment is "severe."  *Id.*; *see also* Social Security Ruling 96-3p, 1996 WL 374181, at *2 ("[S]ymptom-related limitations and restrictions must be considered at [ ] step [two] of the sequential evaluation process, provided that the individual has a medically determinable impairment(s) that could reasonably be expected to produce the symptoms.").  In other words, "[t]he first consideration at step two is what, if any, medically determinable impairments plaintiff has regardless of the credibility of her

allegations of the severity of those impairments." *Stephanie G. v. Kijakazi*, 2022 WL 266801, at *3 (D. Kan. Jan. 28, 2022).

A review of the ALJ's decision in the present case reveals that he wholly failed to consider, at Step Two or otherwise, Plaintiff's mental impairments in determining disability. This failure constitutes reversible error. *See Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2005) (explaining that an ALJ's "failure to consider all of the impairments is reversible error") (citing *Langley v. Barnhart*, 373 F.3d 1116, 1123-24 (10th Cir. 2004)).[4]

In her application for benefits, Plaintiff stated that she suffered from four impairments, including anxiety and depression. (AR, at 245). During the administrative hearing, Plaintiff's counsel explained that Plaintiff began receiving treatment for anxiety and depression in 2015 or 2016. (*Id.* at 38). Plaintiff's counsel also specifically stated during the hearing that Plaintiff was being treated for depression and anxiety during the relevant time period and the ALJ should, therefore, consider these conditions in

---

[4] The Court recognizes that in Plaintiff's Opening Brief, she addresses this error vaguely at best. She argues that in determining the RFC, the ALJ failed to consider the depression, irritability, and non-exertional limitations, including an inability to maintain concentration, persistence, and pace and interact with others, resulting from her chronic pain. (Doc. 6, at 11). Nevertheless, "[t]he Court may, in the interests of justice, make this determination despite the fact that Plaintiff did not [directly] raise the issue." *Truesdale v. Colvin*, No. CIV-12-1307-HE, 2014 WL 549377, at *4 (W.D. Okla. Feb. 11, 2014) (citing *Carson v. Barnhart*, 140 F. App'x 29, 39 (10th Cir. 2005) (reversing the ALJ's ruling on an issue plaintiff failed to raise on appeal because "its resolution is clear"); *Womack v. Astrue*, No. CIV-07-167-W, 2008 WL 2486524, at *1, *5 (W.D. Okla. June 19, 2008) (adopting magistrate judge's recommendation for reversal on issue plaintiff did not raise because in the interests of justice, "[t]his Court cannot . . . ignore obvious and prejudicial errors, even if the litigants did not identify and debate them")).

combination with Plaintiff's physical impairments.  (*Id.* at 47-48).

In the decision, the ALJ referenced Plaintiff's anxiety and depression only once, stating, "[Plaintiff] alleges that since her alleged onset date, she has been unable to work due to symptoms related to right arm arthritis, stents in heart, anxiety, and depression." (*Id.* at 20).  The ALJ never again mentioned Plaintiff's conditions of anxiety and depression.  He wholly failed to determine whether they were medically determinable impairments, severe or non-severe, nor the extent to which, if any, they affected Plaintiff's RFC.

When an ALJ fails to consider an impairment at step two, "the first question [] is whether the omitted impairments are 'medically determinable.'"  *Murdock v. Colvin*, 2016 WL 1059471, at *7 (D. Colo. Mar. 17, 2016) (citing *Salazar*, 468 F.3d at 621).  To be "medically determinable," an impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques" and "must be established by objective medical evidence from an acceptable medical source."  20 C.F.R. § 404.1521.

Here, the record indicates Dr. Kim L. Kurvink diagnosed Plaintiff with depression in 2015 and multiple physicians subsequently prescribed medication for the same starting in early 2016 through at least 2022, including throughout the relevant time period.  (AR, at 340, 346-47, 355-57, 358-59, 377, 381, 383, 392-93, 395, 397-98, 400-02, 442).  Plaintiff frequently reported that medication helped her depression symptoms, but her medical examination records also include observations of dysphoric mood and Plaintiff's own reports of irritability.  (*Id.* at 355-57, 358-59, 363, 376, 380-81, 391-93, 397, 400).  Thus,

the medical record includes objective evidence from acceptable medical sources diagnosing and treating depression, as required by 20 C.F.R. § 404.1521 to establish a medically determinable impairment. Further, she contends this condition, in combination with or arising from her chronic pain, results in non-exertional impairments affecting her ability to concentrate and interact with others. (Doc. 6, at 10-11).

In *Stephanie G.*, the plaintiff developed a paraspinal abscess that complicated her recovery from spine surgery and resulted in long-term problems. 2022 WL 266801, at *3. On appeal from the denial of Social Security benefits, she argued the ALJ erred by not considering whether her abscess was a medically determinable impairment. *Id.* The Commissioner asserted that "because the condition did not last for 12 months[, it] therefore does not qualify as a medically determinable impairment." *Id.* The court explained that while that might have been a valid basis to conclude it was not a medically determinable impairment, "the ALJ did not say this. . . . He did not state that he found that the abscess was not a medically determinable impairment; he simply did not mention it. '[B]ecause the ALJ said nothing about this evidence, it is impossible to ascertain how he treated it.'" *Id.* (quoting *Mary Lou P. v. Saul*, 2019 WL 6727101, at *4 (D. Kan. 2019)).

Similarly, in the present case, the ALJ never discussed Plaintiff's depression beyond acknowledging that she included it as an impairment in her application for benefits. (AR, at 20). The ALJ may ultimately determine Plaintiff's depression is not severe and/or does not significantly alter the previously determined RFC. However, the Court cannot make that determination. *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that

are not apparent from the ALJ's decision itself.") (citing *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir. 2004) (holding that district court's "post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process")).  Therefore, remand is necessary for the Commissioner to determine whether Plaintiff's depression is a medically determinable impairment and, if so, to include that impairment in his consideration and analysis regarding the remaining steps in the sequential evaluation process.

The analysis on remand may be affected by the ALJ's consideration of Plaintiff's mental impairment(s).  Thus, the undersigned does not address Plaintiff's remaining arguments. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VI.    Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

**SO ORDERED** this 2nd day of April, 2025.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE